

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Thomas A. Wheat
County Attorney
Liberty County
Liberty, T e x a s

Dear Sir:

Opinion No. O-3658

Re: Is the described advertising
system a lottery?

Your written request for an opinion from this department has been received and considered. We quote the pertinent facts from your request as follows:

"I have a question concerning whether or not a certain advertising system maintained and operated by a very coming refining and sales company is a gaming device and I wish to state to you all of the details of the way and manner in which the same operates.

"This refinery has its wholesale dealers and sends out to each dealer booklets with a number on the same, which number is not open for inspection. It also sends out certain stamps which stamps and booklets are given to the retailers of this particular gasoline. Each customer is given a booklet and as the customer makes purchases for every ten cents, a stamp is placed in the booklet, until the booklet is full and then the booklet is turned over to the wholesaler, who, in turn sends it to the refinery. At the refinery there is maintained a master sheet giving the price for each corresponding number issued each booklet, and the prizes range from two quarts of oil to $20.00 in cash or merchandise or premiums. In other words, the holder of each number who happens to fill out his book and sends it in gets something ranging from two quarts of oil up to $20.00, should he happen to have the number that would get either the $20.00 or merchandise as revealed by the master sheet.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Thomas A. Wheat - page 2

"* * * In this particular case, we have (1) a consideration and it would be as follows:

"The purchaser, it is true gets his merchandise for his money and in addition thereto, he gets the stamp and if he gets enough stamps it will entitle him to send his booklet in and participate in having the lucky number to win the $20.00. It is true that he gets merchandise in addition to the stamps but as you will recall, in the bank night decision the Court held that the fact that the purchaser of a ticket to the picture show and got the privilege of seeing the show, did not remove it from a game of chance, because at the same time he obtained a chance to win the prize given by the picture show to the holder of the lucky number.

"* * * This case is somewhat different, but in this case at bar, we still have the opportunity conferred upon the holder of each number to get $20.00, if he happens to hold a number, which according to the master sheet, would entitle him to $20:00. Its this opportunity that he has or might have the number calling for the $20.00 on the master sheet that encourages the sales. The purchaser does not know his number or what it might entitle him to, until he sends it into the refinery, and nobody knows but the refinery what numbers are entitled to $20.00. The wholesale dealer or the retailer or the holder of the booklet does not know whether he is entitled to the $20.00 or not, until after they send the booklet into the refinery, and then in turn notify the holder of the booklet.

"* * * ."

We have carefully considered the facts enumerated in your request describing the operation of the advertising system maintained and operated by the refining and sales company.

Article III, Section 47 of the Constitution of the State of Texas reads:

"The Legislature shall pass prohibiting the establishment of lotteries and gift enterprises

in this state, as well as the sale of tickets in
lotteries, gift enterprises or other evasions in-
volving the lottery principal, established or ex-
isting, in other states."

Pursuant thereto, the Legislature of this State has
enacted Article 654 of the Penal Code which makes it unlaw-
ful to establish a lottery or dispose of any estate, real or
personal by lottery, and further makes it unlawful for any
person to sell, offer for sale or keep for sale any tickets
or part tickets in any lottery.

As stated in our Opinion No. O-1819 and reaffirmed
in Opinion No. O-2063, the elements essential to constitute
a lottery are: (1) a prize; (2) the element of chance; (3) a
consideration.

The CITY OF WINK v. GRIFFITH AMUSEMENT COMPANY (Tex.
Sup. Ct.) 100 S.W. (2d) 695;
GRIFFITH AMUSEMENT COMPANY v. MORGAN, 98 S.W. (2d)
844.

Applying these rules to the facts given in your request, it
is clear that the first element is present for the reason
that the customer, upon purchasing a designated amount of
merchandise, for which he is given stamps, has a chance to
receive some amount of merchandise or premiums. We think
there is no doubt that the element of chance is present in
the scheme for the reason that the customer may receive a
prize, depending upon a particular pre-designated number,
from two quarts of oil up to $20.00 in cash or merchandise
or premium, the exact amount of money or other prize depend-
ing upon whether or not the customer is lucky enough to hold
a number appearing upon the master list entitling him to the
larger amounts specified. In other words, A and B might
purchase the same amount of merchandise from a dealer and
receive the same number of stamps and yet A, by reason of
holding a certain number on the master list, would only re-
ceive two quarts of oil, whereas B, by reason of holding
another number on the master list, would be entitled to the
maximum prize of $20.00 in cash or merchandise or premiums.
We, likewise, believe there is no doubt but what the element
of consideration is present in that the wholesaler, or the
person promoting the scheme, receives a direct or indirect
consideration flowing to him in the way of increased custo-
mers or patronage resulting from the use of the system. We
think it could not be denied that the real purpose of the

system is to increase customers and patronage and thereby increase business and profits.

This department has written many opinions construing the lottery laws of the State of Texas and it has found repeatedly that schemes or systems of this type violate the lottery laws of this state. For the reasons discussed, and based upon the authorities cited and the additional authorities cited in opinions No. 0-1819 and No. 0-2063 and No. 0-1174, copies of which we are enclosing for your consideration, we are of the opinion, and you are so advised, that the system or scheme described in your request is a lottery, in violation of Article 654 of the Penal Code of the State of Texas.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Harold McCracken

Harold McCracken
Assistant

HMcC:ob
Encls.

APPROVED JUN 15, 194_

Glenn R. Lewis

Acting  ATTORNEY GENERAL


APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN